UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONDA COMBS,

    Plaintiff,

v.

REFRESH CANOPY COVE, INC.,
A Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DONDA COMBS ("Ms. Combs" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") seeking recovery from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.[1]

## JURISDICTION

1. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

## PARTIES

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Leon County, Florida.

---

[1] Plaintiff also intends to assert a claim, in the alternative, for wrongful termination pursuant to Florida's Whistleblower Statute at Section 448.102 (3), Florida Statutes, based on her objections to other illegal practices ongoing in Defendant's workplace.

3. Plaintiff worked for Defendant in Leon County, Florida, and the venue, therefore, for this case is the Tallahassee Division of the Northern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she needed to care for her daughter who: (a) suffered from a serious health condition as defined by the FMLA necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant from December 18, 2013, through October 19, 2018.

8. In September 2018, Plaintiff notified Defendant of her need to apply for FMLA.

9. On October 9, 2018, Defendant approved Plaintiff for intermittent FMLA leave, retroactive to October 1, 2018.

10. On October 19, 2018, just ten (10) days later, Defendant terminated Plaintiff's employment without valid cause, reason, or explanation.

11. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

12. Any reason provided by Defendant for its actions, is pretext.

13. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

14. As a result of this illegal conduct, Plaintiff has suffered damages.

15. Defendant did not have a good faith basis for its actions.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

16. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-15, above.

17. At all times relevant hereto, Plaintiff was protected by the FMLA.

18. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

19. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA right to utilize intermittent FMLA leave for which she was approved.

20. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

21. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, immediate reinstatement into her position/injunctive relief, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-15, above.

23. At all times relevant hereto, Plaintiff was protected by the FMLA.

24. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

25. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of what should have been FMLA protected leave and for her request for FMLA leave.

26. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her rights to take approved leave pursuant to the FMLA.

27. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

28. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 4th day of March 2020.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Alexander Harne, Esq.
Florida Bar No.: 126932
RICHARD CELLER LEGAL, P.A.

10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*